**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4857**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRY LAMONT WILLIAMS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, District Judge. (CR-04-23-H)

---

Submitted:  June 24, 2005               Decided:  July 29, 2005

---

Before WILLIAMS and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Terry Lamont Williams pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of fifty-four months imprisonment.[*] Williams seeks to appeal his sentence on the ground that the district court erred by making factual findings that increased the guideline sentence and violated the Sixth Amendment under <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). The government asserts that Williams' appeal should be dismissed pursuant to the waiver provision in his plea agreement. In his reply brief, Williams contends that the waiver is not enforceable because the plea agreement contemplated that he would be sentenced under a mandatory guidelines scheme and, when he entered his guilty plea, Williams could not foresee that the mandatory guidelines would be held unconstitutional, as they were in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). For the reasons explained below, we dismiss the appeal.

Under the terms of his plea agreement, Williams agreed:

To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, reserving only the right to appeal from an upward departure from the guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one

_____

[*]The court also pronounced an alternative non-guideline sentence under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), a term of five years imprisonment.

- 2 -

pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

This court reviews the validity of a waiver de novo. United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is within the scope of the waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. Wessells, 936 F.2d at 167-68. However, "the issue ultimately is evaluated by reference to the totality of the circumstances and must depend upon the particular facts and circumstances surrounding that case." United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal quotations and citations omitted).

Here, the record reveals that the district court accepted guilty pleas from a number of defendants at a hearing conducted pursuant to Fed. R. Crim. P. 11. The court conducted a thorough Rule 11 inquiry. Although the court did not address Williams

personally about the waiver provision in his plea agreement, the court warned the group of defendants, including Williams, that a waiver of the right to appeal in a plea agreement could be binding. When he was questioned personally by the court, Williams assured the court that he had read and understood the plea agreement which he had signed.

On appeal, Williams does not claim that he was unaware of the waiver or its effect. Instead, he argues that his waiver was not knowing and intelligent because he was not informed that he was agreeing to be sentenced under a sentencing scheme that was later held to be unconstitutional. He also contends that, if the waiver is effective, his sentence constituted an upward departure from the "relevant statutory maximum," i.e., the guideline range that would have applied without the enhancements adopted by the district court. We are not persuaded that Williams' sentence constituted an upward departure. Moreover, we recently held that a waiver of the right to appeal contained in a plea agreement that was accepted before the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), was not invalidated by the change in the law effected by Booker. Blick, 408 F.3d at 170-73. We conclude that Williams' waiver of his right to appeal was knowing and voluntary, that the sentence was within the scope of the waiver provision, and that the waiver is enforceable.

We therefore dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED